Gheen, J.
delivered the opinion of the court.
This bill is brought to redeem two lots in the town of Winchester. The complainant alleges, that the lots were sold as his property, by virtue of a decree of the Supreme Court, and that the defendant Gillespie purchased the same, and then sold and conveyed the lots to the defendant Jones; that while Jones was claimant and owner of the lots, and before the expiration of two years from the date of said sale, he tendered the full amount bid by Gillespie and ten per cent thereon, as the 'law requires, to the said Jones, but that he refused to receive the same.
The answer of Jones to the original bill, “positively denies that a tender ever was made to him by the complainant, his agent, or friend, or bona fide creditor. Perhaps the brother of the said complainant, one Henry Raines, said to this respondent that he would redeem the property, or had the money to do it, but this respondent positively denies that the money to redeem the property ever was tendered to’ him by any one.”
In his answer to the amended bill, Jones states, “that neither the complainant, nor his agent, nor his friend, nor any other person for him, ever tendered to respondent at any time the purchase money of the house and lots in dispute, or a single cent thereof, for the redemption of the said house and lots, or any part thereof. Henry A. Raines did say to this respondent, that he would redeem said house and lots if he had the money, but, as has been before stated, he never did make the tender, in any shape, manner or form.”
The deposition of H. A. Raines states, that in November, 1836, he called on Jones and requested to meet him at -the clerk’s office in the town of Winchester the next day, and he would pay the amount of money it would take to redeem the lots for his brother, R. P. Raines. He met Jones in front of the office next day, and asked him to go into the office and he would pay the amount of money it would take to redeem said lots. Jones replied, that he had paid twenty-five per cent for the money to purchase the lots, and if witness would pay the same he could have the lots. Witness said he had nothing to *492 do with his contract, and said to him: “I now make you a tender of the full amount of money it takes to redeem said lots, having the specie then in my hands.” Jones refused to receive the money unless, the twenty-five per cent he had given was also paid, and abruptly turned off.
1st. The first question is, whether the witness proves such acts as amount to a tender, or was he excused for failing to make a tender by the conduct of the defendant Jones?
The witness and Jones were in front of the clerk’s office, and the witness: having in his hands the specie, told Jones that he then made him a tender of it. Jones refused to receive it, unless a condition he had no right to make were complied with, and he abruptly turned off.
We think the agent of the complainant did all the law required him to do. If a party can prevent a formal tender by refusing to remain .until the money can be counted and offered to him, and then successfully insist that no tender was made, it would be easy effectually to prevent any tender from being made.
2d. The next enquiry is, can the court decree for the complainant upon the testimony of the witness alone.
The rule- in courts of chancery is, that when a fact charged .in the bill is denied in the answer, to authorize a decree the bill must be supported by two witnesses, or one witness with corroborating circumstances. But we think the character of the denial is not such in this case as to invoke the application of this rule.
The answer of the original bill admits that H. A. Raines said to the defendant, that he would redeem, or had the money to redeem; but denies that the money was tendered to him. Now, this is not a direct, but evasive denial of the tender.' Instead of standing opposed to the proof of the witness, it is in corroboration of it. If the answer had denied positively and circumstantially the tender, and another witness proved that he saw Jones and the witness Raines in conversation in relation to the redemption of the lots, and heard Raines tell Jones that he would redeem the property, or had the money to redeem, such evidence would constitute-a circumstance strongly con *493 firmatory of the testimony of H. A. Raines. And yet Jones’s answer admits Raines used this language. Surely this admission should have as much weight as if the facts had been proved by a witness; especially as they tend to weaken his denial, and show that he must have placed that denial upon his conception ■as to the facts that constitute a legal tender. It is true, in the answer to the amended bill the-denial of a tender is more directly and strongly made; but the admissions in the first answer are not and could not have been taken back. They stand as though the two answers were but one, and must have all the force we have ascribed to them.
We think the complainant is entitled to redeem this property upon paying into court the sum which may be found due on the coming in of the master’s report. The master will state an account, allowing the complainantjfor the rent of the lots from the time the tender was made, up to the time of making his report; and charging him with the sum he was required to pay at the time the tender was made, and interest thereon to this time.